UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID PEREZ-ALVAREZ, | )<br>) |
| Petitioner, | )     2:12-cv-02088-JCM-GWF<br>) |
| vs. | )     **ORDER**<br>) |
| UNITED STATES OF AMERICA, *et al.*, | )<br>) |
| Respondents. | ) |

Petitioner, who is represented by counsel, has filed a habeas corpus petition, including a motion to stay of deportation. (ECF Nos. 1 & 2). On January 29, 2013, respondents filed a motion to dismiss the petition as moot. (ECF No. 17). Petitioner filed a response to the motion to dismiss. (ECF No. 20). On April 15, 2013, respondents filed a motion for an extension of time to file a reply, seeking a 2-day enlargement of time. (ECF No. 26). Two days later, on April 17, 2013, respondents filed a second motion to dismiss the petition. (ECF No. 27). Petitioner has not filed an opposition to respondents' second motion to dismiss the petition. Pursuant to Local Rule 7-2(d), the failure of a party to file points and authorities in response to any motion shall constitute consent to the granting of the motion. As such, respondents' second motion to dismiss could be granted solely on the basis of petitioner's failure to file a response to the motion. Local Rule 7-2(d).

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, significantly narrowed the scope of judicial review for removal orders in immigration cases. Pursuant to 8 U.S.C. § 1252(a)(5), a petition filed with the appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision under this Act." District courts do not have jurisdiction, habeas or otherwise, to review any removal order for any alien. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (interpreting 8 U.S.C. § 1252). In this case, petitioner challenges the immigration judge's reinstated final order of removal, which was issued after the date of enactment of the REAL ID Act. The petition is therefore dismissed for lack of subject matter jurisdiction.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's decision debatable or wrong. The court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for a stay of deportation (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that respondents' first motion to dismiss is (ECF No. 17) is **DENIED AS MOOT** in light of respondents' second motion to dismiss.

**IT IS FURTHER ORDERED** that respondents' motion for an extension of time (ECF No. 26) is **GRANTED**, nunc pro tunc, to April 15, 2013.

**IT IS FURTHER ORDERED** that respondents' second motion to dismiss (ECF No. 27) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 29th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE